## ADVISORY OPINION TO THE GOVERNOR

27 So. (2nd) 409
September 25, 1946

June Term, 1946
En Banc

September 24, 1946

Hon. Millard F. Caldwell
Governor
The Capitol
Tallahassee, Florida

Dear Governor:

We are in receipt of your letter of September 24, 1946, pursuant to Section 13, Article IV of the Constitution as follows:

"To the Honorable, the Chief Justice,
  and Justices of the Supreme Court of Florida.

"Gentlemen:

"The incumbent United States Senator, Honorable Charles O. Andrews, died September 18, 1946, this being a day forty-eight days prior to the general election of 1946. At the time of his death Senator Andrews was serving a regular term which was to expire by operation of law the first Tuesday after the first Monday of January 1947.

"Amendment XVII, Constitution of the United States, so far as seems material to the question confronting me under the Constitution of Florida, provides,

" 'that when vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writs of election to fill such vacancies. Provided, That the legislature of any State may empower the executive there-of to make temporary appointments until the people fill the vacancies by election as the legislature may direct.'

"So far as I have been able to ascertain, the Florida Statutes providing for the filling of vacancies in office are Sections 106.02 and 102.48, Florida Statutes, 1941. Section 106.02 provides,

" 'Should a vacancy happen in the representation of this state in the senate of the congress of the United States, the governor shall issue writs of election to fill such vacancy at the next general election; and the governor may make temporary appointments until the vacancy is filled by election.'

"The pertinent portion of Section 102.48, provides,

" 'In the event of the death, resignation or removal of any person nominated for office in the primary election between such primary election and the ensuing election or if for any cause there is a vacancy in any nomination or in any office and no method is otherwise provided herein for filing such vacancy in nomination, then and in that event the state executive committee, in the case of a vacancy in a state office or the county executive committee in the case of a vacancy in a county office, shall call a primary election to provide for a nominee for such office and in case no candidate receives a majority of the votes cast in the primary so called and held, a second primary election shall be held within ten days thereafter; provided, however, that should a vacancy occur in any nomination for county office or in any county office less than thirty days before a general election, or should a vacancy occur in any nomination for a state office or in any state office less than forty-five days prior to a general election, then in that event, the county executive committee or the state executive committee, depending upon the nature of the office for which a vacancy in nomination shall have occurred, shall fill such vacancy in nomination by selecting a nominee for such office and all such nominations· whether by primary or by executive committee shall have the same force and effect and shall entitle the nominees to all the rights and privileges that would accrue to them if they had been nominated in the regular primary elections.'

"These statutes above quoted appear to be expressly delimited or restricted in their operation or scope by Sections 6 and 7, Article XVIII of the Constitution of Florida, which reads as follows:

" 'Section 6. The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution shall extend only to the first Tuesday after the first Monday in January next after the election and qualification of a successor.'

" 'Section 7. In all cases of election to fill vacancies in office such election shall be for that part of the unexpired term

commencing on the first Tuesday after the first Monday in January next after such election.'

"Section 7 of Article IV of the Constitution of Florida provides:

" 'When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term.'

"Because of the death of Senator Andrews a vacancy exists in the office of United States Senator and I am in grave doubt as to the powers and duties devolving upon me as Chief Executive in regard to such vacancy. Availing myself of the provisions of Section 13 of Article IV of the Constitution of Florida, I respectfully request your written opinion upon questions affecting my Executive powers and duties under the Constitution as follows:

"1. Whether I, as Chief Executive, have the power under the Constitution to fill such vacancy by granting a commission, there apparently being no mode provided by the Constitution or by the laws of Florida for filling such vacancy otherwise?

"2. If I have the power and duty to fill such vacancy by commission, shall the commission be granted for the whole unexpired term or shall the commission be granted to expire on the day of the General election of 1946 or until a successor shall have been duly elected and qualified?

"Respectfully,

"(signed) MILLARD F. CALDWELL

Governor"

Under the quoted provision of the Federal Constitution you would be authorized, as Chief Executive, to issue a writ of election to fill the vacancy caused by the death of Senator Andrews. Such a writ may be defined as a written order from you, as Governor, directed to the proper authority, commanding it to hold a statewide election on a day certain, as provided by law, for the purpose of electing a United States Senator for the unexpired term of Senator Andrews. Paine, Law of Elections, p. 355, par. 421; Oxford English Dictionary.

The means provided by statute for filling vacancies is embraced in Section 106.02 and 102.48, Florida Statute 1941. Section 106.02, is a repetition of the quoted part of the seventeenth amendment to the Federal Constitution, except for the latter clause which authorizes the Governor to make "temporary appointments until the vacancy is filled by election." Section 102.48 is the means provided for filling vacancies in nominations to, as well as vacancies in, county and state offices. Any attempt to read these sections in connection with other sections affecting the same subject matter results in hopeless confusion.

The proviso to Section 102.48 has to do with filling vacancies in nominations to and actual vacancies in county offices that occur less than thirty days before the general election. It also has a like provision for filling similar vacancies in state offices that occur less than forty-five days before the general election. We are here concerned with a vacancy in the office of United States Senator, a state office, occurring forty-eight days before the general election of 1946, so the proviso has no application. The part of Section 102.48 preceding the proviso authorizes the county executive committee to hold primary elections to fill vacancies in nominations and vacancies in county offices when they occur between the primary and the general election. A similar provision authorizes the state executive committee to fill vacancies in nominations to and vacancies in state offices occurring in the same manner when "no method is otherwise provided herein for filling such vacancies."

In our view, this provision of the statute does not provide an adequate and effective means for filling the vacancy in the office brought in question. The reason for this conclusion is that the act contemplates one and perhaps a second primary. It would not be possible, within the period shown, to issue the writ of election, give the notice, call and hold one and possibly two primaries, as contemplated, and then have the name of the nominee placed on the general election ballot. It is not such a "special election" as is contemplated by Section 98.08, Florida Statutes 1941, and no provision is made for the expense of such an election. Any election should be an in-

telligent expression of the electorate, both as to men and measures involved, and that requires time for deliberation.

It is our view that Section 7, Article IV of the Constitution, as quoted in your letter, clothes you with ample power and points the way for filling the vacancy in question. It is shown that, under facts presented, no other way is provided in the Constitution or by the statute for filling such vacancy. If it had occurred months earlier, a different conclusion might have been reached. This interpretation does not clash with Section 6, Article XVIII of the Constitution, and, since we find no adequate means for filling the vacancy by election, any consideration of Section 7, Article XVIII, becomes unnecessary. We find nothing in Section 98.08, Florida Statutes 1941, relating to Special Elections, or Section 114.01, et seq., Florida Statutes 1941, relating to vacancies, or any other section of the law relating to filling vacancies in Congress that militates against this view. It is further strengthened by the fact that a prompt method is provided for filling the vacancy, which is highly important at this time, and the fact that Section 98.08(3) relating to Special Elections contemplates the exercise of discretion on the part of the Governor in dealing with the question.

You are, therefore, advised that, under Section 7, Article IV of the Constitution, you are authorized to fill the vacancy in the office of United States Senator caused by the death of Senator Andrew by "granting a commission for the unexpired term," which runs to the first Tuesday after the first Monday in January, 1947.     Respectfully yours,

ROY H. CHAPMAN (s)
Chief Justice

GLENN TERRELL (s)

ARMSTEAD BROWN (s)

RIVERS BUFORD (s)

ELWYN THOMAS (s)

HAROLD L. SEBRING (s)
Justices of Supreme Court of Florida.