QUESTION: Is it possible for a successor to be elected in the nonpartisan judicial election on September 10, 1974, for a term beginning on the first Tuesday after the first Monday in January 1974, upon the resignation of a judge under circumstances when it is too late for a successor to qualify during the July 1974 statutory qualifying period, and, if so, what procedures should be followed for such an election?
SUMMARY: Section 100.111(6), F.S., prescribing the procedure to be followed in filling vacancies in nomination or election in any county, district, or state office which occur after the close of the qualifying dates is applicable to the election of successors to fill vacancies in judgeships which occur under circumstances where it is too late for a successor to qualify during the July 1974 statutory qualifying period. The applicable provision of the Constitution for filling vacancies in judicial offices is s. 11(a) of revised Art. V, reading as follows: The governor shall fill each vacancy in judicial office by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election, one of not fewer than three persons nominated by the appropriate judicial nominating commission. An election shall be held to fill that judicial office for the term of the office beginning at the end of the appointed term. . . . The Florida Supreme Court has recently ruled in Spector v. Glisson (mandate entered on August 2, 1974, with opinion to follow) that an unconditional resignation from a judicial office, even though prospective, creates a vacancy that must be filled at the next nonpartisan judicial election that occurs after the resignation. (The question of whether such resignations, to be effective, must be accepted by the governor was not necessary to be decided by the Supreme Court in its mandate, as the question was moot as to the vacancy with which the court was there concerned; and it is assumed for the purpose of this opinion that the resignations in question have been accepted by the governor.) Chapter 105, F.S., providing for nonpartisan judicial elections, does not prescribe the procedure for holding a special election to fill a vacancy in a judgeship. However, provision for the calling of a special election by the governor to fill a vacancy in a state, district, or county office resulting from death, resignation, or other cause which occurs "after the last date of filing for a special or local primary election which shall leave no candidate for nomination or election" is made by s.100.111(6)(b), F.S. [Under s. 11(a) of revised Art. V, supra, this "special election" would, apparently, be required to be held at the time of the nonpartisan judicial election or elections.] And, pending legislative or judicial clarification, I have the view that the procedures prescribed by s. 100.111(6)(b) for holding special elections to fill vacancies in state, county, or district offices which occur after the close of the qualifying period could be applied to special elections to fill vacancies in judicial office in these circumstances. Prior to the adoption of these statutory provisions, it had been ruled in Advisory Opinion to Governor, 27 So.2d 409 (Fla. 1946), that a vacancy occurring in the office of United States Senator fortyeight days prior to the general election could not be filled by election, so that the governor should fill the vacancy by appointing a successor to serve for the unexpired term. The court pointed out that, had the vacancy occurred less than forty-five days prior to the general election, the nominees of the political parties for the office could have been selected by the appropriate executive committees of the parties; however, as it occurred more than fortyfive days prior thereto, it would be necessary to hold a first and possibly a second primary election and that "[i]t would not be possible, within the period shown to issue the writ of election, give the notice, call and hold one and possibly two primaries, as contemplated, and then have the name of the nominee placed on the general election ballot." However, as noted above, provision has now been made by the Election Code for the filling of a vacancy in nomination or office occurring after the last date for qualifying for any county, district, or state office, or resulting from "court order or other unpredictable circumstances." Section100.111(6)(b) and (d), id. Under s. 11(a) of revised Article V, supra, as interpreted by the Florida Supreme Court in Spector v. Glisson, supra, the elected successor to fill a vacancy in a judicial office occurring prior to the September nonpartisan judicial election must be elected at that election for a term beginning in January of 1975; and I know of no reason why the procedure prescribed by s. 100.111(6) for filling vacancies in nomination or election to any "county, district or state office" should not be equally applicable to a vacancy in a judicial post to be filled at a nonpartisan judicial election.